Robert M. Greenbaum, Esq. (admitted *pro hac vice*)
SMITH KANE HOLMAN, LLC
112 Moores Road, Suite 300
Malvern, PA 19355
Telephone: (610) 407-7216
Facsimile: (610) 407-7218
rgreenbaum@skhlaw.com

*Counsel to Defendant, Buck Kreihs Marine Repair, L.L.C.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>(Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST,<br><br>Plaintiff,<br><br>v.<br><br>BUCK KREIHS MARINE REPAIR L.L.C.,<br><br>Defendant. | Adv. Proc. No. 18-01589 (SMB) |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF
## PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

Buck Kreihs Marine Repair, L.L.C. ("Buck Kreihs" and/or the "Defendant"), by and through its undersigned counsel, herein files this *Answer and Affirmative Defenses to Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550*, and in opposition to the Complaint avers as follows:

## ANSWER

### Nature of the Action

1.      Denied. The Defendant is without sufficient information to admit or deny the allegations in paragraph 1. To the extent a response is required, the allegations in paragraph 1 are denied.

### The Parties

2.      Denied. Paragraph 2 contains conclusions of law which are not required to be admitted or denied by the Defendant.  Defendant further states that to the extent that paragraph 2 characterizes the Plan and Confirmation Order [Docket No. 671], both writings, such averments are denied as the writings speak for themselves. To the extent a response is required, the allegations in paragraph 2 are denied.

3.      Admitted. The allegations in paragraph 3 are admitted.

### Jurisdiction and Venue

4.      Denied. Paragraph 4 contains conclusions of law which are not required to be admitted or denied by the Defendant. To the extent a response is required, the allegations in paragraph 4 are denied.

5.      Denied. Paragraph 5 contains conclusions of law which are not required to be admitted or denied by the Defendant. To the extent a response is required, the allegations in paragraph 5 are denied.

**Case Background**

6.      Admitted in part; denied in part. It is admitted that the Debtors each filed voluntary petitions under chapter 11. The remaining averments in paragraph 6 are denied. By way of further answer, Defendant states that to the extent that paragraph 6 characterizes the Confirmation Order and the Effective Date Notice [Docket No. 796], both writings, such averments are denied as the writings speak for themselves. To the extent a response is required, the remaining allegations in paragraph 6 are denied.

7.      Denied. By way of further answer, Defendant states that to the extent that paragraph 7 characterizes the Plan and Confirmation Order [Docket No. 671], both writings, such averments are denied as the writings speak for themselves. To the extent a response is required, the allegations in paragraph 7 are denied.

**Facts**

8.      Denied. The Defendant is without sufficient information to admit or deny the allegations in paragraph 8. To the extent a response is required, the allegations in paragraph 8 are denied.

9.      Admitted in part; denied in part. The Defendant admits that it received certain payments from certain Debtors, but denies that Exhibit A to the Complaint is correct. The Defendant otherwise denies the allegations in paragraph 9.

10.      Admitted in part; denied in part. The Defendant admits that it received certain payments from Debtor, U.S. United Ocean Services, L.L.C during the time period alleged, but otherwise denies that Exhibit A to the Complaint is correct, and further denies that it received any

payments identified on Exhibit A from Central Gulf Lines, Inc. The Defendant otherwise denies the remaining allegations in paragraph 10.

11.    Admitted in part; denied in part. The allegations in the first sentence of Paragraph 11 of the Complaint are conclusions of law which are not required to be admitted or denied by the Defendant. To the extent that the allegations in the first sentence of Paragraph 11 of the Complaint are deemed to be factual, the Defendant denies the same. By way of further answer, the Defendant specifically denies that any transfers between it and the Debtors were preferential or are otherwise voidable. To the contrary, all transfers were made in the ordinary course of business between the Defendant and the Debtors, and were in exchange for reasonably equivalent value. The Defendant admits the allegations in the second sentence of Paragraph 11 of the Complaint.

### First Claim for Relief

### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

12.    The Defendant incorporates by reference each of its above responses in this Answer to Paragraphs 1 through 11 of the Complaint, as if fully restated herein.

13.    Denied. The allegations in paragraph 13 are denied.

14.    Denied. The allegations in paragraph 14 are denied.

15.    Denied. The allegations in paragraph 15 are denied.

16.    Denied. The allegations in paragraph 16 are denied.

17.    Denied. The allegations in paragraph 17 are denied.

18.    Denied. The allegations in the first sentence of Paragraph 18 of the Complaint are conclusions of law which are not required to be admitted or denied by the Defendant. To the extent that the allegations in Paragraph 18 are deemed to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

19.     Denied. The allegations in paragraph 19 are denied.

20.     The Defendant admits the allegations in paragraph 20 of the Complaint, but denies that it has any obligation to return said amounts. By way of further answer, the Defendant specifically denies that any transfers between it and the Debtors were preferential or are otherwise voidable. To the contrary, all transfers were made in the ordinary course of business between the Defendant and the Debtors, and were in exchange for reasonably equivalent value.

21.     Denied. The allegations in paragraph 21 are denied.

## Second Claim for Relief

## (Recovery of Property - 11 U.S.C. § 550)

22.     The Defendant incorporates by reference each of its above responses in this Answer to Paragraphs 1 through 21 of the Complaint, as if fully restated herein.

23.     Denied. The allegations in the first sentence of Paragraph 23 of the Complaint are conclusions of law which are not required to be admitted or denied by the Defendant. To the extent that the allegations in Paragraph 23 are deemed to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

24.     Denied. The allegations in the first sentence of Paragraph 24 of the Complaint are conclusions of law which are not required to be admitted or denied by the Defendant. To the extent that the allegations in Paragraph 24 are deemed to be factual, the Defendant denies knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

25.     Denied. The allegations in paragraph 25 are denied. By way of further answer, the Defendant specifically denies that any transfers between it and the Debtors were preferential or are

otherwise voidable.  To the contrary, all transfers were made in the ordinary course of business between the Defendant and the Debtors, and were in exchange for reasonably equivalent value.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER ANSWERING, the Defendant, Buck Kreihs Marine Repair, L.L.C., asserts the following defenses in opposition to the claims asserted by the Plaintiff:

26.    The Defendant incorporates by reference each of its above responses in this Answer to Paragraphs 1 through 25 of the Complaint, as if fully restated herein.

27.    All elements of a prima facie case under 11 U.S.C. §§547, 550, and 502 are not met.

28.    At all relevant times, the Debtors were solvent.

29.    Assuming, without conceding that all of the elements of a prima facie case under 11 U.S.C. §§547(b) can be met, any and all transfers that the Defendant received are immune from avoidance pursuant to 11 U.S.C. §547(c).

30.    Assuming, without conceding that all of the elements of a prima facie case under 11 U.S.C. §§547(b) can be met, any and all transfers that the Defendant received are not recoverable pursuant to 11 U.S.C. §550.

31.    To the extent established in discovery, the Defendant has a right of setoff pursuant to 11 U.S.C. §553.

32.    To the extent established in discovery, the Plaintiff's claims are subject to recoupment.

33.    Pursuant to 11 U.S.C. §547(c), the Defendant gave and the Debtor received reasonably equivalent value or subsequent new value that was not secured by and otherwise unavoidable security interest, and the Debtor did not make otherwise unavoidable transfers to or for the benefit of the Defendant on account of such new value.  Accordingly, the new value that the

Defendant provided to the Debtor exceeds the amount of the payments listed on Exhibit A to the Complaint, and therefore diminishes or eliminates any recovery to which the Plaintiff may otherwise be entitled in the Complaint.

34.    Any transfers were made in the ordinary course of business and/or made according to ordinary business terms.

35.    Pursuant to 11 U.S.C. §§547(b)(5) of the Bankruptcy Code, the alleged transfers sought to be avoided by the Complaint did not enable the Defendant to receive more than it would have received if the Debtor's case was a case under Chapter 7 of the Bankruptcy Code.

36.    The Plaintiff may not avoid payments made by any of the Debtors to the Defendant during the ninety-day period prior to the Petition Date as the Defendant was a critical vendor in these chapter 11 proceedings, whose prepetition claims the Debtors requested and were authorized by Order of this Honorable Court to, and did in fact pay the Defendant in full, and therefore, the Defendant did not receive payment in an amount greater than it otherwise would have received in a case under Chapter 7 of the Bankruptcy Code.

37.    The Plaintiff may not avoid and recover the payments made by the Debtor to the Defendant during the ninety-day period before the Petition Date, as such payments were intended by the Debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor and were, in fact, substantially contemporaneous exchanges, pursuant to 11 U.S.C. §547(c)(1). Therefore, such payments are not avoidable or recoverable by the Plaintiff as a preference.

38.    Plaintiff has failed to plead any facts to support any claim against Defendant.

39.    Plaintiff lacks standing to assert the claims as set forth in the Complaint.

40.    Accordingly, the Court lacks subject matter jurisdiction over the claims set forth in the Complaint.

7

41.    Plaintiff's claims are barred by equitable principles, including but not limited to, waiver, laches, estoppel, unjust enrichment and unclean hands.

42.    The Defendant reserves the right to assert other claims and or defenses as may be available or become available during the course of these proceedings.  The Defendant further reserves the right to plead further in this matter, including but not limited to amendment to this Answer, counterclaim, cross-claim or third-party complaints.

## JURY DEMAND

43.    The Defendant demands trial by jury on all matters so triable.

## PRAYER

WHEREFORE, the Defendant, Buck Kreihs Marine Repair, L.L.C., respectfully prays that judgment be entered in its favor and against the Plaintiff dismissing Plaintiff's Complaint with prejudice thereby denying all relief sought in the Complaint, and by awarding the Defendant its costs in this action, including attorneys' fees, together with such other and further equitable relief that this Honorable Court may deem appropriate under the circumstances.

Dated this November 7, 2018.

Respectfully Submitted:

SMITH KANE HOLMAN, LLC

By:   /s/ Robert M. Greenbaum
ROBERT M. GREENBAUM (admitted *pro hac vice*)
112 Moores Road
Suite 300
Malvern, PA 19355
Phone: (610) 407-7216
Fax: (610) 407-7218
Email:  rgreenbaum@skhlaw.com

*Attorney(s) for: Buck Kreihs Marine Repair, L.L.C.*

8

<u>CERTIFICATE OF SERVICE</u>

I DO HEREBY CERTIFY that on November 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all participants of the CM/ECF system and that I accomplished service by first class U.S. Mail, properly addressed postage pre-paid, on the following:

<u>Debtor:</u>
International Shipholding Corporation
601 Poydras Street
Pan Am Building, Suite 1850
New Orleans, LA 70130

<u>Though Counsel for Debtor:</u>
David H. Botter, Esquire
Akin, Gump, Strauss, Hauer & Feld, LLP
One Bryant Park
New York, NY 10036

<u>Plaintiff:</u>
Robert Michaelson, in his capacity as Trustee of the GUC Trust
Through Counsel Plaintiff,

Beth E. Levine, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024

*/s/ Robert M. Greenbaum*
ROBERT M. GREENBAUM
