**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1]<br><br>                        Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>(Jointly Administered) |
| ROBERT MICHAELSON, in his capacity as TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST,<br><br>                        Plaintiff,<br><br>   v.<br><br>BUCK KREIHS MARINE REPAIR L.L.C.,<br><br>                        Defendant. | Adv. Proc. No. 18-01589 (SMB) |

## SCHEDULING AND PRE-TRIAL ORDER

       The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION.** If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).

**bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. The initial disclosures required under Federal Rules of Civil Procedure 26 and Federal Rules of Bankruptcy Procedure 7026 shall be exchanged no later than 14 days from entry of this Order.

2. All fact discovery shall be completed by March 8, 2019. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

3. The parties shall identify expert witnesses and serve the written reports or disclosures required by Federal Rule 26(a)(2)(B)-(C), as made applicable by Bankruptcy Rule 7026, by April 8, 2019. Expert depositions shall be completed by May 15, 2019.

4. The parties shall identify any rebuttal expert witness who will testify solely in opposition to the experts and opinions disclosed pursuant to paragraph (3) above, and serve the related written reports or disclosures required by Federal Rule 26(a)(2)(B)-(C), as made applicable by Bankruptcy Rule 7026 by April 30, 2019.

5. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 6-9 below. If such request is granted, the parties shall schedule the adjourned pre-trial conference to take place approximately one month after the scheduled hearing on summary judgment.

6. The Court will hold a final pretrial conference on June 6, 2019 at 10:00 A.M. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time), <u>at which time the parties must be prepared to proceed to trial within two weeks</u>.

7. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

8. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

9. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 7 hereof.

Dated: New York, New York
**November 9, 2018**

                                        **/s/ STUART M. BERNSTEIN**
                                        **Hon. Stuart M. Bernstein**
                                        **United States Bankruptcy Judge**